### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CATHY J. STURGEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-02644 |
| | ) |
| SHORT GO, INC., D/B/A | ) |
| TWISTER TRAILER, | ) |
| **Serve Registered Agent:** | ) |
| Stewart Gulager | ) |
| 1789 HWY 54 | ) |
| Fort Scott, KS 66701 | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

COMES NOW Plaintiff Cathy J. Sturgeon, by and through counsel, and for her causes of action against Defendant Short Go, Inc., d/b/a Twister Trailer for age and sex discrimination, sexual harassment, and retaliation, states and alleges as follows:

### PARTIES

1. Plaintiff Cathy J. Sturgeon is an individual residing at 1367 215th Street, Fort Scott, Kansas 66701 and she was employed as a Service and Repair Coordinator by Defendant beginning on or about February 6, 2017 and continuing until her termination on or about September 27, 2019. Plaintiff was born in 1961 and is presently 59 years old.

2. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 630(f).

3. Defendant Short Go, Inc., d/b/a Twister Trailer, is a Louisiana corporation, that manufactures custom-built trailers and is authorized to do business in the state of Kansas.

4. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. § 630(b), in that it engaged in industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under the referenced statutes.

5. Plaintiff brings these claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., Sexual Harassment (Hostile Work Environment and Quid Pro Quo) and Sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and retaliation under Title VII.

6. All of the acts, conduct and omissions of Defendant were performed by its agents, representatives and employees while in the course and scope of its agency or employment.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the District including the unlawful employment practices set forth herein that are alleged to have been committed in this District by Defendant.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed as a Service and Repair Coordinator by Defendant beginning on or about February 6, 2017 and continuing until her wrongful termination on or about September 27, 2019.

10. At all times herein mentioned, Plaintiff was an "employee" of Defendant within the meaning of the ADEA and Title VII, and is entitled to all benefits and protections of those Acts.

11. Throughout her employment with Defendant, Plaintiff was subject to the control of Defendant as to the means and manner of accomplishing her work as an employee.

12. Defendant was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 630(b).

13. Defendant is engaged in an industry affecting commerce and it has employed 50 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

14. Plaintiff was wrongfully terminated by Defendant on September 27, 2019.

15. Throughout her employment with Defendant, Plaintiff performed all duties of her job as required, received good reviews and praise for her work. Plaintiff was asked to come work for Defendant based off her years of experience with trailer parts, trailer vendors and good customer service.

16. Plaintiff is a 59-year-old female.

17. Prior to and including her wrongful termination, Plaintiff experienced a harassing, hostile, discriminatory, and retaliatory work environment including a pattern and practice of disparate treatment in the terms and conditions of her employment based on age and/or gender, or retaliation by the Defendant and its managers and employees including, but not limited to unfounded discipline and retaliation for engaging in protected activity against illegal discrimination.

18. These adverse actions were taken without any legitimate reason and in violation of the law and less-qualified, substantially younger, male, and/or those who had not complained about or reported discrimination or retaliation, or participated in investigations of discrimination or retaliation were treated more favorably.

19. Beginning in or about December 2018, Plaintiff's new supervisor and CEO, Brian Cullum, began to treat Plaintiff differently from the other employees.

20. Mr. Cullum treated Plaintiff differently based on her age and sex, and made multiple sexual comments that were offensive and created a hostile work environment.

21. On multiple occasions, Mr. Cullum referred to Plaintiff as "old school" and indicated she was "set in her old ways" when discussing the way she performed her job.

22. On or about May 28, 2019, Mr. Cullum indicated that Plaintiff could keep her job only if she performed sexual acts, which she declined.

23. On or about July 26, 2019, Mr. Cullum again indicated that Plaintiff could keep her job if she performed sexual acts, which she again declined.

24. Shortly after Plaintiff returned from her scheduled vacation, Plaintiff learned she was being demoted and would only be in charge of ordering parts.

25. On or about September 27, 2019, Plaintiff went to work and found out that her desk was being moved. Plaintiff expressed concern that she could not work in that area because there was no available electricity.

26. Plaintiff was told it would be in her best interest to leave.

27. Plaintiff indicated she wanted to continue in her position, but was terminated.

28. The true reasons for the discriminatory and retaliatory employment actions of Defendant against Plaintiff, including but not limited to those adverse actions set forth above,

5

include a pattern and practice of disparate treatment in the terms and conditions of her employment based on age and/or gender discrimination by Twister Trailer and its officers and managers including but not limited to unfounded criticism and retaliation for engaging in protected activity by complaining about the illegal discriminatory and retaliatory treatment she experienced, and ultimately her wrongful termination.

29. Similarly situated, substantially younger employees were not subjected to the same adverse actions in the terms and conditions of their employment.

30. Plaintiff expressed her objections to this illegal and discriminatory treatment; however, her objections were ignored resulting in her termination based on a false pretense.

31. On information and belief, shortly after her termination, Plaintiff was replaced with a less qualified, substantially younger employee who assumed her duties.

32. On March 16, 2020, Plaintiff filed a timely charge alleging age and gender discrimination, and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC").  (Attached as Exhibit A.)

33. On or about September 24, 2020, the EEOC mailed a Notice of Right to Sue to Plaintiff.  (Attached as Exhibit B.)

34. This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

35. Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – AGE DISCRIMINATION (ADEA)

36. Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 above.

37. Plaintiff's age was a determining factor in Defendant's intentional decision to discriminate against her in the terms and conditions of her employment, including but limited to, by subjecting her to a hostile work environment, discriminatory comments and actions, false performance criticisms, wrongful termination for false, pre-textual reasons, and/or Defendant's other disparate treatment of the terms and conditions of Plaintiff's employment with Defendant.

38. Defendant subjected Plaintiff to illegal age-biased actions, as set forth above and herein, and by terminating Plaintiff's employment based on false, pre-textural reasons.

39. Defendant manifested its illegal age bias through age-biased comments and actions, including but not limited to adverse job actions including through false performance criticisms, and by its termination of Plaintiff for false alleged reasons, while similarly situated, substantially younger employees were treated more favorably and not subjected to the same type of hostile and discriminatory comments and actions, and false performance criticisms.

40. Defendant knew, or should have known, of the age discrimination against its employees, including Plaintiff.

41. Defendant failed to take prompt and appropriate corrective action to end the age discrimination against its employees, including Plaintiff.

42. Defendant failed to make good faith efforts to enforce its policies to prevent age discrimination against its employees, including Plaintiff.

43. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

46. As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorney's fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT II – RETALIATION (ADEA)

47. Plaintiff incorporates by reference the allegations of paragraphs 1 through 46 above.

48. Plaintiff had a good faith, reasonable belief that she was being subjected to unlawful employment practices including disparate treatment by Defendant in the terms and conditions of her employment compared with similarly situated, substantially younger employees, and she reported the same to Defendant.

49. Defendant retaliated against Plaintiff because of her opposition to unlawful discriminatory employment practices including but not limited to by subjecting her to age-biased comments and actions, and subjecting her to adverse job actions including a discriminatory and hostile work environment, false performance criticisms, and by its wrongful termination of Plaintiff for false, pre-textual reasons.

50. Plaintiff's opposition to unlawful discriminatory employment practices was a determining factor in Defendant's decision to subject her to adverse employment actions including the adverse actions described herein and including the termination of her employment.

8

51. Defendant's conduct was willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under the ADEA, and is sufficient therefore to warrant an award of punitive damages.

52. As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT III – SEX DISCRIMINATION (TITLE VII)

53. Plaintiff incorporates by reference the allegations of paragraphs 1 through 52 above.

54. Plaintiff's sex was a motivating factor in the Defendant's intentional decision to discriminate against her in the terms and conditions of her employment, including but limited to subjecting her to adverse job actions including a hostile work environment, discriminatory comments and actions, including false performance criticisms, and by its termination of Plaintiff for false, pre-textual reasons.

55. The Defendant has a pattern and practice of sex discrimination including as set forth previously herein against Plaintiff and similarly situated female employees.

56. The discriminatory actions of the Defendant detrimentally affected Plaintiff in the terms and conditions of her employment with the Defendant.

57. Plaintiff complained about these discriminatory actions to Defendant's management and demanded that the discrimination cease.

58. Defendant knew, or should have known, of the sex discrimination against its employees, including Plaintiff.

59. Defendant failed to take prompt and appropriate corrective action to end the sex discrimination against its employees, including Plaintiff.

60. Defendant failed to make good faith efforts to enforce its policies to prevent sex discrimination against its employees, including Plaintiff.

61. Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII, and is sufficiently culpable to warrant an award of punitive damages.

62. As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count III, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT IV – RETALIATION (TITLE VII)

63. Plaintiff incorporates by reference the allegations of paragraphs 1 through 62.

64. Plaintiff had a good faith, reasonable belief that Defendant was engaging in unlawful employment practices by subjecting her to sex-biased comments, and adverse job actions including a discriminatory and hostile work environment, false performance criticisms and targeting her for termination for false, pre-textural reasons, including violations of laws prohibiting sex discrimination, and she reported her concern and opposition to these unlawful practices to Defendant.

65. The Defendant retaliated against Plaintiff because of her opposition to unlawful employment practices including by subjecting her to false performance criticisms and terminated her employment for false, pre-textural reasons.

66. Plaintiff's opposition to the Defendant's unlawful employment practices was a motivating factor in the Defendant's decision to retaliate against her in the terms and conditions of her employment.

67. Defendant's conduct was willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under Title VII, and is sufficient therefore to warrant an award of punitive damages.

68. As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count IV, and requests an award of her actual damages, including but not limited to her lost wages and

benefits, with interest, through the date of trial, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT V – HOSTILE WORK ENVIRONMENT (TITLE VII)

69. Plaintiff incorporates by reference the allegations of paragraphs 1 through 68.

70. Plaintiff was subjected to unwelcome sexual harassment based on her gender.

71. The harassment was sufficiently severe or pervasive to alter the terms, conditions, and privileges of Plaintiff's employment and created an abusive working environment.

72. Defendant's conduct was willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under Title VII and is sufficient therefore to warrant an award of punitive damages.

73. As a direct result of Defendant's illegal actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count V, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT VI – QUID PRO QUO (TITLE VII)

74. Plaintiff incorporates by reference the allegations of paragraphs 1 through 73.

75. Plaintiff's tangible job benefits were conditioned on her submission to conduct of a sexual nature.

76. Plaintiff refused to submit to the sexual conduct.

77. Plaintiff suffered adverse employment consequences when she refused to submit to the sexual conduct.

78. Defendant's conduct was willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under Title VII and is sufficient therefore to warrant an award of punitive damages.

79. As a direct result of Defendant's illegal actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count VI, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By /s/ Athena M. Dickson
    Rik N. Siro          KS FED #77812
    Eric W. Smith       KS #16539
    Athena M. Dickson   KS #21533
    Raymond A. Dake    KS FED #78448
    Ryan P. McEnaney   KS FED #78827
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    rsiro@sirosmithdickson.com (email)
    esmith@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)
    rdake@sirosmithdickson.com (email)
    rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**